# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 26, 2010

Lyle W. Cayce
Clerk

No. 09-40113
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESMERALDA GRISELDA DE LOS SANTOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-917-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Esmeralda Griselda De Los Santos was convicted by a jury of conspiracy
to possess with intent to distribute cocaine and methamphetamine, and
possession with intent to distribute cocaine and methamphetamine; she received
concurrent sentences of 292 months in prison. On appeal, De Los Santos
contends that she was deprived of a fair trial because she was unable to present
a "complete" defense of duress and coercion. She contends that the district court
erred in sustaining the Government's hearsay objections to her attempts to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

testify about the threats made against herself and her family.  Because trial counsel "made no attempt to inform the district court" why the testimony did not qualify as hearsay, we do not "consider the propriety of the decision to exclude the evidence at issue." *United States v. Clements*, 73 F.3d 1330, 1336 (5th Cir. 1996).  Even if De Los's Santos's contention that she was denied a fair trial is construed as an assertion that her substantial rights were affected, she has not established that the district court abused its discretion in denying De Los Santos the opportunity to testify about the exact language of the threats.  *See United States v. Crawley*, 533 F.3d 349, 353 (5th Cir.), *cert. denied*, 129 S. Ct. 522 (2008); *United States v. Nguyen*, 504 F.3d 561, 571 (5th Cir. 2007).

De Los Santos also contends that the district court erred in denying her untimely motion for a continuance.  She sought a continuance so that she could find witnesses to support her coercion defense by testifying about the dangers of the drug trade in Mexico.  Because De Los Santos has not established that the district court abused its discretion in denying the untimely motion or that she "suffered serious prejudice," we will not reverse the district court's decision. *United States v. Scott*, 48 F.3d 1389, 1393 (5th Cir. 1995).

De Los Santos contends that her trial counsel rendered ineffective assistance by failing to file pretrial motions, by failing to obtain witnesses to support her coercion defense, and by not arguing that the testimony about the threats made against De Los Santos and her family did not constitute hearsay. Because the record does not reveal an "apparent" or "obvious" shortcoming by trial counsel, we decline to consider De Los Santos's ineffective assistance claims on direct appeal. *Massaro v. United States*, 530 U.S. 500, 508 (2003).

De Los Santos also maintains that the district court erred in imposing a two-level sentencing enhancement for obstruction of justice, based on the probation officer's assertion that she had perjured herself.  The district court considered various statements made by De Los Santos during her trial and concluded that the statements were false, that they pertained to material

matters, and that they were made willfully rather than because of a mistake or confusion. Because the court's findings established a factual predicate for finding perjury, the district court did not clearly err in imposing the enhancement. *See United States v. Creech*, 408 F.3d 264, 270-71 (5th Cir. 2005); *United States v. Wild*, 92 F.3d 304, 308 (5th Cir. 1996).

The judgment of the district court is therefore AFFIRMED.